# Exhibit A –
# Plaintiff's Complaint, and
# Order Amending Caption and Substitution of
# Proper Party Defendant

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | | **CASE NO.<br>21-007709-NO**<br>Hon. Brian R. Sullivan |

Court address : 2 Woodward Ave., Detroit MI 48226    Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s)<br>Talmadge, Giovanna | v | Defendant's name(s), address(es), and telephone no(s).<br>Lowe's Companies, Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>John F. Turck 67670<br>1327 Jones Dr Ste 105<br>Ann Arbor, MI 48105-1894 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>6/24/2021 | Expiration date*<br>9/23/2021 | Court clerk<br>Angila Mayfield |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)    **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| | SUMMONS |
|---|---|
| | Case No.: **21-007709-NO** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                  Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
                                      Day, date, time
                              on behalf of _____
_____
Signature

21-007709-NO FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  6/24/2021 2:15 PM  Angila Mayfield

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GIOVANNA TALMADGE,

    Plaintiff,

v

LOWE'S COMPANIES, INC.,

    Defendant.

File No. 21-    -NO

Hon.

E-FILING CASE

Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff
Thomas H. Blaske (P26760)
1327 Jones Drive, Suite 105
Ann Arbor, MI 48105
(734) 747-7055

## **COMPLAINT**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

                  /s/ John F. Turck IV
                  Thomas H. Blaske (P26760)
                  John F. Turck IV (P67670)

Plaintiff, by and through her attorneys, Blaske & Blaske, P.L.C., for her Complaint says:

## PARTIES, VENUE, AND JURISDICTION

1. Plaintiff is a resident of the Charter Township of Canton, Wayne County, Michigan.

2. Defendant Lowe's Companies, Inc., (hereinafter "Lowe's") is a retail corporation with business operations, including several stores, located in Wayne County, Michigan.

3. Venue is proper because Plaintiff's original injury occurred at a store operated and owned and operated by Defendant in Wayne County, Michigan.

4. The amount of harm done to Plaintiff as a result of Defendants' negligence exceeds $25,000 and is otherwise within the jurisdiction of this court.

## STATEMENT OF THE CASE

5. On June 24, 2020 at approximately 6:30pm, Plaintiff Giovanna Talmadge visited a Lowe's Home Improvement store located at 44080 Ford Road, in Canton, Michigan.

6. As Mrs. Talmadge approached the entrance to the building adjacent to the lumber yard at the store, she spotted a cart with drywall and OSB subflooring that she was interested in purchasing, and so she asked a Lowe's employee if she could remove a sheet of subflooring from the cart.

7. The sheet of subflooring was 4 ft x 8 ft in size, and weighed an estimated 50 pounds or more.

8. Despite Mrs. Talmadge's offer to remove the sheet of subflooring herself, the Lowe's employee insisted on moving it for her.

9. As the Lowe's employee pulled the sheet of subflooring, he accidentally dropped it directly on Mrs. Talmadge's right foot, crushing her toes through her tennis shoe.

10. The sheet of subflooring landed with so much force on her foot that it not only left a paint mark (from the edge of the OSB subflooring), but also left a distinct indentation on the fabric of the shoe itself:



11. Mrs. Talmadge felt her foot beginning to painfully swell, so she returned to her car and called her husband for help.

12. Mrs. Talmadge's husband met her at her car a few minutes later and helped her take off her shoe, revealing her injured foot to be lacerated, already black and blue, and significantly swollen.

13. Plaintiff's husband then spoke to a Lowe's store manager, who came out to see Mrs. Talmadge at her car, and who then wrote about the injury in an incident report.

14. Mrs. Talmadge's counsel has previously submitted several requests to Defendant asking for a copy of the incident report and the security camera surveillance footage of the incident, but Defendant has either ignored or refused to act on these requests.

15. Mrs. Talmadge returned home to talk with her mother, who is a registered nurse, and who lives next door to Plaintiff and her family.

16. Shortly thereafter, Mrs. Talmadge husband rushed her to Canton Urgent Care Walk-In Clinic, where treaters diagnosed her with a fractured right great proximal phalanx as a result of the Lowe's employee dropping the heavy board on her foot.

17. The injury caused neuritis and nerve damage in Mrs. Talmadge's right foot, which has left her with no motor control over her right big toe.

18. Due to Mrs. Talmadge's inability to move her big toe, she is unable to walk properly and has been forced to walk on the outer side of her right foot.

19. Walking on the outer side of her right foot in turn has caused Mrs. Talmadge to develop severe right ankle pain, as well as right hip and knee problems.

20. At times, Mrs. Talmadge's right ankle pain is so severe that she is unable to bear any weight on it for as much as an entire day.

21. Plaintiff's physical therapist, Kelly Poppaw, PT, from Probility Physical Therapy, stated the following about Mrs. Talmadge's condition at an encounter on February 9, 2021:

> **Assessment**
> Giovanna M Talmadge is a 33 y.o. female who attends physical therapy for a severe crush injury of right 1st phalanx that has affected right 1st MTP joint with injury occurring on 6-24-2020 at Lowe's hardware store when an employee dropped a hard object greater than 100 pounds on her foot. Patient suffered a non-displaced fracture, which has now resolved, per script. Functional limitations include prolonged sitting, prolonged walking, going up/down stairs or an incline, and doing housework she she has to stand/walk for prolonged periods of time. She said occasionally she gets significantly sharp pain on lateral ankle as well, and described the feeling as "a tendon slipping and makes her distal fibula slip downward." Pt reports she compensates by walking on the outside of her foot due to pain at great toe. Noteworthy, patient plans to have a surgery on her left ankle due to a cyst formation and significant hypermobility, but has not had this yet. She also notes she broke her left ankle when she was 16 and ever since she has had recurrent sprains and has hypermobility. Pt reports 1 fall in the last year since the right foot injury due to left ankle giving out. Pt presents with decreased R ankle and great toe AROM/PROM, significantly decreased R toe/foot/ankle strength, and significant gait deviations with decreased weight bearing into R LE especially along the medial side of her foot. Palpation reveals hypomobility of right distal tibiofibular, talocrual, tarsals and 1st MTP joint. Her cuboid was palpated to be significantly supinated likely due to patient spending majority of her ambulation on the lateral surface of her foot. Her ability to dorsiflex and plantar flex her great toe showed trace muscle contraction, but improved slightly after joint mobilization. It appears that her crush injury has led to significant weakness in her R foot leading to pain and limited tolerance to the aforementioned functional tasks. Her presentation is consistent with referring diagnosis. Pt is a fair candidate for skilled rehabilitation at this time to address impairments listed above and has a fair prognosis to reach their functional goals.

22. Now nearly a year after her injury, Mrs. Talmadge still needs physical therapy, which she now receives at Probility Physical Therapy.

23. On April 12, 2021 Mrs. Talmadge's injured right ankle gave out while she was walking down the stairs of her home.

24. As a result, she fell down the flight of wooden stairs and landed on her back.

25. Mrs. Talmadge's husband rushed her to the Beaumont Hospital emergency department in Wayne, where treaters diagnosed her with newly-torn ligaments and fractures in her right foot and ankle, but even capable treaters there were unable to assess the full extent of her injuries, due to the severity of swelling in her foot and ankle.

26. If it were not for the incident at Lowe's on June 24, 2020, Mrs. Talmadge's ankle would have been able to support her weight, and she would not have fallen down the stairs in her home in April.

27. Prior to the events described in this Complaint, Ms. Talmadge was an active homemaker and mother of three young children.

28. As a direct and proximate result of the Lowe's employee's negligence, Mrs. Talmadge has suffered serious, long-lasting injuries that have affected her ability to care for her children and to move without pain.

29. As a direct and proximate result of Lowe's' negligence, Ms. Talmadge has suffered, continues to suffer and will in the future likely permanently suffer both economic and non-economic harm including, but not limited to pain and suffering, mental anguish, medical expense, lost earning capacity, anxiety about her future and denial of her usual social and recreational pleasures and enjoyments.

## COUNT I: NEGLIGENCE

30. Plaintiff incorporates by this reference all previous paragraphs.

31. At all relevant times, Defendant and its employees owed Plaintiff the following duties:

    a. The duty to avoid injuring or harming her and others similarly situated by exercising reasonable care when handling heavy loads;

    b. The duty not to drop merchandise on her;

    c. The duty to warn customers and all persons in the surrounding areas, including Plaintiff, of Defendant's handling of awkward or heavy merchandise;

    d.    The duty to clear a safe place for its employees to handle awkward or heavy merchandise; and

    e.    The duty to slow down and allow for people, including Plaintiff, to get out of the way while handling awkward or heavy merchandise.

32.    Defendant, acting through its employee, breached each of these duties as described herein.

29.    Defendant and its employee knew or should have known that moving awkward and/or heavy loads in very close proximity to customers, including Mrs. Talmadge, was dangerous and might result in harm to others, including Mrs. Talmadge.

30.    As a direct and proximate result of Lowe's and its employee's negligence, Mrs. Talmadge foot was crushed by a heavy piece of plywood, directly and proximately resulting in the serious injuries and damages described herein.

31.    Those injuries and damages include but are not limited to each of the following:

    a.    Fractured right foot;

    b.    Nerve damage;

    c.    Impairment of ability to move her right toe;

    d.    Past, present and future pain and suffering;

    e.    Past, present and future mental anguish;

    f.    Denial of social pleasures and enjoyments;

    g.    Past, present and future medical monitoring and hospital care and treatment;

    h.    Impairment of her ability to care for her three children;

    i.    Impairment of her ability to walk properly;

    j.    Knee, hip and ankle injuries;

  k. Medical expenses;

  l. Diminished earning capacity; and

  m. Other damages as may be revealed by discovery and permitted by law.

WHEREFORE, Plaintiff demands judgment against Defendant in whatever amount she shall be found to be entitled, together with interest, costs and attorney fees, and any other relief appropriate and permitted by law.

Dated: June 24, 2021

/s/ John F. Turck IV
Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff
1327 Jones Drive, Suite 105
Ann Arbor, Michigan 48105
(734) 747-7055
thb@blaske.com
jt4@blaske.com

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GIOVANNA TALMADGE,

    Plaintiff,

v

LOWE'S COMPANIES, INC.,

    Defendant.

File No. 21-          -NO

Hon.

E-FILING CASE

Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff
Thomas H. Blaske (P26760)
1327 Jones Drive, Suite 105
Ann Arbor, MI 48105
(734) 747-7055

## JURY DEMAND

Plaintiff, by and through her attorneys, demands a jury trial in this case.

Dated: June 24, 2021

/s/ John F. Turck IV
Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff
1327 Jones Drive, Suite 105
Ann Arbor, Michigan 48105
(734) 747-7055

Cathy M. Garrett  WAYNE COUNTY CLERK  7/26/2021 8:50 PM  Sterling Harrison

21-007709-NO FILED IN MY OFFICE

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| GIOVANNA TALMADGE, | Case No. 21-007709-NO |
| Plaintiff, | Honorable Brian R. Sullivan |
| v | |
| LOWE'S COMPANIES, INC., | |
| Defendant. | |

| | |
|---|---|
| THOMAS H. BLASKE (P26760) <br> JOHN F. TURCK IV (P67670) <br> BLASKE & BLASKE, P.L.C. <br> Attorneys for Plaintiff <br> 1327 Jones Drive, Suite 105 <br> Ann Arbor, MI 48105 <br> (734) 747-7055 <br> thb@blaske.com <br> jt4@blaske.com | RIDLEY S. NIMMO, II (P54783) <br> PLUNKETT COONEY <br> Attorneys for Defendant <br> 111 E. Court Street, Suite 1B <br> Flint, MI 48502 <br> (810) 342-7010 <br> (810) 232-3159 fax <br> rnimmo@plunkettcooney.com |

**STIPULATED ORDER TO AMEND CAPTION, SUBSTITUTION OF PARTY AS TO THE IMPROPERLY-NAMED PARTY DEFENDANT**

At a session of said Court held in Wayne County, City of Detroit, and State of Michigan on  7/26/2021  , 2021

PRESENT: HONORABLE BRIAN R. SULLIVAN, Wayne County Circuit Court Judge

This matter having come before the Court upon the stipulation of the parties, as evidenced by the signatures of their respective counsel hereto, to correct Plaintiff's Complaint to substitute Defendant LOWE'S HOME CENTERS, LLC, as the proper party Defendant in the place and stead of LOWE'S COMPANIES, INC., improperly named therein, and with the Court being otherwise fully advised:

**IT IS HEREBY ORDERED** that the caption shall be amended and that LOWE'S HOME CENTERS, LLC, shall be herein substituted as the proper party Defendant in this cause of

action in the place and stead of LOWE'S COMPANIES, INC., as the same pertains to Plaintiff's Complaint, other initial filings by the parties, with respect to Case No. 21-007709-NO, now pending in this Court.

This is not a final order and does not close this case.

/s/ Brian R. Sullivan   7/26/2021
Brian R. Sullivan, Wayne County
Circuit Court Judge
Dated:

Stipulated and agreed to by:

**BLASKE & BLASKE, P.L.C.**   **PLUNKETT COONEY**

By:/s/ Thomas H. Blaske (with permission)   By:/s/ Ridley S. Nimmo, II
THOMAS H. BLASKE (P26760)   RIDLEY S. NIMMO, II (P54783)
JOHN F. TURCK IV (P67670)   Attorneys for Defendant
Attorneys for Plaintiff   Dated: 7/21/21
Dated: 7/21/21

Open.11349.13504.26833171-1

2